[Cite as *State v. Coleman*, 2015-Ohio-5381.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26376 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CR-1407 |
| v. | : | |
| | : | (Criminal Appeal from |
| KARL D. COLEMAN | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by DYLAN G. SMEARCHECK, Atty. Reg. No. 0085429 and KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, Post Office Box 291771, Kettering, Ohio 45429-1771
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Karl Coleman appeals from his conviction and sentence

for Murder, Felonious Assault, Rape, Attempted Rape, and Tampering with Evidence. He contends that he was denied his right to counsel when the trial court denied his request for substitution of counsel. Coleman also contends that the trial court erred in sentencing by failing to merge the Rape and Attempted Rape convictions, and by sentencing him to a mandatory sentence on the Attempted Rape convictions.

{¶ 2} We conclude that the trial court did not abuse its discretion in denying Coleman's motion to substitute counsel a week prior to trial. We conclude that the trial court did not err by declining to merge the convictions for Rape and Attempted Rape. We further conclude that it is not clear from the termination entry whether the trial court mistakenly believed that an eight-year sentence was mandatory, or whether it was merely stating that a sentence was mandatory. In any event, the State concedes that the record indicates that Coleman was sentenced to a mandatory sentence for Attempted Rape, and that this was error.

{¶ 3} Accordingly, that part of the judgment of the trial court making the sentence for Attempted Rape a mandatory sentence is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for resentencing in accordance with this opinion.

## I. The Offenses

{¶ 4} This appeal involves the murder of DeMisha Mattison in her home in May 2011. Mattison was found dead lying face-down on her bed, with blood between her legs.

{¶ 5} Mattison was killed by strangulation. She had multiple bruises and lacerations to her external and her internal vaginal area from blunt force trauma, consistent with sexual assault. The blood between her legs was from the injuries to her vagina. Mattison also suffered lacerations to her outer anus, consistent with attempted anal penetration. Following an investigation, Coleman was developed as a suspect.

## II. Course of the Proceedings

{¶ 6} Coleman was indicted on one count of Murder, one count of Felonious Assault, one count of Rape, one count of Attempted Rape, and one count of Tampering with Evidence. Trial was scheduled for July 22, 2014. On July 16, the trial court received a letter from Coleman seeking new counsel. The trial court heard Coleman on the issue on two separate dates, and overruled the motion on both dates. Following a jury trial, Coleman was convicted on all counts.

{¶ 7} The trial court, for purposes of sentencing, merged the Felonious Assault conviction with the Murder conviction. The trial court declined to merge the convictions for Rape and Attempted Rape. Coleman was sentenced to a total prison term of 36 years to life. He appeals.

## III. The Trial Court Did Not Abuse its Discretion by Overruling a Motion for Appointment of Substitute Counsel Made Six Days Before Trial

{¶ 8} Coleman's First Assignment of Error states as follows:

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST

FOR NEW COUNSEL.

{¶ 9} Coleman contends that the trial court abused its discretion when it denied his request for the appointment of new counsel.

{¶ 10} "When a defendant asks the trial court for a new attorney during the course of trial, the trial court must adequately investigate the defendant's complaint." *State v. Jones*, 2d Dist. Montgomery No. 20349, 2005-Ohio-1208, ¶ 12. "An indigent defendant has no right to have a particular attorney of his own choosing represent him. He is entitled to competent representation by the attorney the court appoints for him. Therefore, in order to demonstrate the good cause necessary to warrant removing court appointed counsel and substituting new counsel, defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize defendant's Sixth Amendment right to effective assistance of counsel." (Citations omitted.) *State v. Coleman*, 2d Dist. Montgomery No. 19862, 2004-Ohio-1305, ¶ 24.

{¶ 11} "Disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel. Moreover, mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense." *Id.*, ¶ 25.

{¶ 12} "The decision whether or not to remove court appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion." *Id.*, ¶ 26. The term, "abuse of discretion," implies an arbitrary, unreasonable, or unconscionable attitude on the part of the court. *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 13} In this case, the trial court received a letter from Coleman less than a week prior to the scheduled trial. The letter stated:

> I am writing you to ask you to remove [trial counsel] from my case because I do not feel he is able to defend me the way I need him to. I have just been informed that he spoke with the prosecutors about information that I never gave him permission to, this is crippling to my case and I feel like I am being forced into a defence [sic] that I don't feel comfortable with this is my life at stake and I feel that it should be treated as such and [counsel] is not able to do so for reasons that still have not been explained to me therefore I respectfully ask for a new attorney before I go to trial.

{¶ 14} On July 17, during a pretrial conference, the court questioned Coleman about the reasons set forth in the letter for removing counsel. Coleman stated the issue involved "some things that was [sic] discussed between [counsel] and the Prosecutor which is not allowing him to say certain things during the closing and the opening statements." At that point, the prosecutor stated that other than discussions held before the trial court, trial counsel had not revealed any statements by, or discussions with, Coleman, and that no discussions regarding the case had been conducted between the parties. The trial court then appears to begin asking Coleman what he wanted counsel to say, at which point trial counsel interjected. Coleman then represented that counsel had informed him that, with regard to his notice of alibi, there were certain matters that he would not be allowed to disclose during opening statement and closing argument. Trial counsel then stated that Coleman believed his defense had been compromised because counsel had informed him that there were certain things that he could not state in court.

The trial court then asked counsel whether the concerns with the alibi were that it was inconsistent with the evidence. Counsel declined to answer.

{¶ 15} The trial court informed Coleman that an attorney has to comply with the ethical rules even if the client wants him to do otherwise. Coleman then stated, "He's done everything possible to defense [sic] me. It's just certain things that he discussed with me and he said he couldn't say." The trial court then asked Coleman whether he understood that regardless of his desire, attorneys have to abide by ethical obligations. Coleman stated that he understood, and acknowledged that he had no other reason for requesting a new attorney. The trial court overruled the motion.

{¶ 16} The next day, the parties again appeared in court for a final pretrial conference. At that point, Coleman claimed that he and counsel were not able to communicate. Upon questioning, Coleman acknowledged that he was concerned about the same alibi issue he had raised the day before. He stated that counsel had answered all of his questions, had done everything he had been asked to do, and had talked to everyone he needed. Coleman also stated that counsel had been "amazing." At that point, it was determined that counsel would speak to Coleman regarding the reason why counsel was unable to raise certain things at trial.

{¶ 17} Nowhere in the record is there an explanation of the substance of the misunderstanding between Coleman and counsel regarding the alibi issue. It appears from the context of the transcript conversations, which span two days and fifteen pages, that Coleman was informed that counsel was not able to state certain things to the jury that Coleman believed should be raised regarding his alibi defense. It further appears that counsel was constrained from making those statements by either the Ohio Rules of

Evidence or ethical considerations.

{¶ 18} We conclude that the trial court adequately investigated Coleman's complaints. Coleman admitted that counsel had done all that Coleman had asked, and that his only dissatisfaction regarded the issue of the alibi defense. The trial court did not find that matter sufficient to warrant substitution of counsel. Trial counsel indicated that he was prepared for trial, and the trial court noted that counsel was a competent, experienced attorney. We conclude that Coleman failed to establish the strong showing of good cause necessary to demonstrate the requisite breakdown in the attorney-client relationship.

{¶ 19} The First Assignment of Error is overruled.

## IV. The Trial Court Did Not Err in Failing to Merge a Count of Vaginal Rape with a Count of Attempted Anal Rape

{¶ 20} Coleman's Second Assignment of Error provides:

THE TRIAL COURT ERRED BY NOT MERGING DEFENDANT'S RAPE AND ATTEMPTED RAPE CONVICTIONS.

{¶ 21} Coleman contends that the trial court erred by failing to merge his Rape and Attempted Rape convictions under R.C. 2941.25, Ohio's merger statute.

{¶ 22} Pursuant to R.C. 2941.25, the merger of allied offenses occurs when the conduct of the defendant can be construed to constitute two or more allied offenses of a similar import, and this conduct shows that the offenses were not committed separately or with a separate animus. The Supreme Court of Ohio, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, held that offenses are of dissimilar import "when the

defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. The Court further held that separate convictions are permitted under R.C. 2941.25 for allied offenses if any of the following is true: "(1) the offenses are dissimilar in import or significance– in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id.*, ¶ 25. We review the trial court's merger ruling de novo. *See State v. Williams*, 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 28.

{¶ 23} Coleman was convicted of one count of Rape and one count of Attempted Rape. The statute proscribing Rape, R.C. 2907.02(A)(2), provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Sexual conduct is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A).

{¶ 24} The Rape count was based upon evidence establishing vaginal penetration, while the Attempted Rape was based upon evidence establishing that Mattison's anus had lacerations consistent with attempted penetration of her anus. The trial court found that these offenses were committed separately, because they were predicated upon necessarily separate conduct. The trial court also found that the offenses resulted in

separate violent injuries to Mattison.

{¶ 25} We agree. This court has noted that anal rape and vaginal rape do not involve the same conduct. *State v. Nesser*, 2d Dist. Clark No. 2013 CA 21, 2014-Ohio-1978, ¶ 63. Other courts have likewise held that penetration of separate bodily orifices constitutes separate acts of Rape. *See State v. Wilson*, 8 Ohio App.3d 216, 456 N.E.2d 1287 (8th Dist. 1982); *State v. Ludwick*, 11th Dist. Ashtabula No. 2002-A-0024, 2004-Ohio-1152. Furthermore, the offenses caused separate identifiable harm to Mattison. Thus, we conclude that the trial court did not err in denying merger of these two offenses.

{¶ 26} The Second Assignment of Error is overruled.


## V. The Trial Court Erred by Imposing a Mandatory Eight-Year Sentence
## for Attempted Rape

{¶ 27} The Third Assignment of Error is as follows:

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO A MANDATORY SENTENCE FOR COUNT IV ATTEMPTED RAPE.


{¶ 28} Coleman contends that the trial court erred in sentencing by imposing a mandatory sentence for the Attempted Rape conviction. The State concedes that the sentence was improper in this regard, but contends that it is the result of a clerical error, that can be corrected by a nunc pro tunc order.

{¶ 29} The State is correct that, at the sentencing hearing, the trial court did not make reference to a mandatory sentence for the Attempted Rape conviction. However, a court speaks through its journal entries. *State v. Arnold*, 189 Ohio App.3d 238, 2009-

Ohio-3636, 938 N.E.2d 45, ¶ 42 (2d Dist.).   In this case, the termination entry stated "Count 4:   Mandatory Eight (8) years."

{¶ 30} We cannot conclude from the record before us that this was simply a clerical error.   While it is possible that the trial court was referring to the fact that a prison sentence was required when it included the word "mandatory," it is also possible that the trial court mistakenly thought the eight-year sentence was a mandatory sentence.   We cannot tell.   The eight-year sentence is the maximum allowed under R.C. 2929.14(A)(2) for Attempted Rape, and is a permissible sentence.   We decline to correct this issue with an order, but instead reverse this part of the judgment, and remand this cause for resentencing.

{¶ 31} The Third Assignment of Error is sustained.

## VI. Conclusion

{¶ 32} Coleman's First and Second Assignments of Error being overruled, and his Third Assignment of Error being sustained, that part of the judgment of the trial court making the sentence for Attempted Rape a mandatory sentence is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Dylan G. Smearcheck
Kirsten A. Brandt
J. David Turner
Hon. Mary K. Huffman