[Cite as *State v. Hepp*, 2025-Ohio-1202.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                          :

    Appellee                       :    C.A. No. 30213

v.                                     :    Trial Court Case No. 2024CRB1383

TRAVIS HEPP                            :    (Criminal Appeal from Municipal Court)

    Appellant                      :

. . . . . . . . . . .

O P I N I O N

Rendered on April 4, 2025

. . . . . . . . . . .

MARY ADELINE R. LEWIS, Attorney for Appellant

STEPHANIE L. COOK & ASHLEY THOMAS, Attorneys for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Travis Hepp appeals from his conviction of assault. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} Hepp was charged with assault in the Dayton Municipal Court on May 13,

2024, the day after he was involved in an altercation with another man outside Winan's coffee shop on Patterson Boulevard.

{¶ 3} The charge was tried to a visiting judge on June 17, 2024. Sergeant Jon Zimmerman of the Dayton Police Department and Hepp testified at trial. Sgt. Zimmerman had been nearby at the time of the assault, witnessed it, and broke it up. Zimmerman testified that he first encountered Hepp while Hepp was inside the coffee shop eating breakfast. After Zimmerman had walked away from the shop, he saw Hepp cross the street and punch another man; he did not hear any yelling prior to the altercation. Both men fell to the ground. As Zimmerman separated them, he noticed that the other man had a container of pepper spray in his hand. Zimmerman did not smell pepper spray or notice any fluid from the pepper spray container, but he noticed that Hepp's eyes were red, and Hepp stated that he had been pepper-sprayed. Zimmerman arrested Hepp.

{¶ 4} Hepp testified that, on the date of the assault, he was sitting on the patio at Winan's when another man approached and spoke to him in a manner that Hepp characterized as unfriendly. The other man then crossed the street, yelling at Hepp and threatening him. Hepp asked a coffee shop worker to call the police.

{¶ 5} After Hepp complained about numerous objections by the State during his testimony, the court took a recess for Hepp to consult with defense counsel. Thereafter, defense counsel told the court that Hepp wanted substitute counsel, refused to talk to counsel further, and "essentially invoked his 5th Amendment right to stay silent."

{¶ 6} The following exchange occurred:

THE COURT: . . . Mr. Hepp, a couple of things that I want to unpack with you just so I'm clear and the record[']s clear, because we are recording. Is it correct, Mr. Hepp, that you now desire the court to appoint you new counsel?

THE DEFENDANT: Yes sir.

THE COURT: All right and also, is it correct that, in this matter, while you have previously testified, you are now indicating that if you were to resume testifying, you would invoke your 5th Amendment right to remain free against self-incrimination, is that correct?

THE DEFENDANT: May I request counsel.

THE COURT: Well, we are going to get to that. That is what this discussion is we are having at this time. Two things in there. First, you are requesting new counsel and the second thing you're saying that, if you are in a position where you continue to testify, you will be invoking your 5th Amendment right, is that correct?

THE DEFENDANT: Invoking my, yes.

. . .

THE COURT: Okay. So a couple of things. As you know by being present here in court, we are in the middle of trial.

THE DEFENDANT: Mm-hmm.

THE COURT: The state has rested their case, and we are now in what's known as the case-in-chief for you and your defense counsel has called you

as a witness based upon your request to provide testimony. I do find that as this juncture, as the state has already rested their case, and there has been ample opportunity in the past - -

THE DEFENDANT: Mm-hmm.

THE COURT: For new counsel to be presented, to allow counsel to be appointed anew at this point in time, would unduly delay the case and would prejudice the state. As such, I am going to deny your request for new counsel. [Defense Counsel] is going to remain as the attorney of record at this time. Mr. Hepp, you had indicated, I know previously that you were testifying, you were on the witness stand prior to the court taking a ten-minute recess. You could continue your testimony if so chose to desire [sic], you are still under oath. You may take the witness stand if you would like to do that or you can forgo testifying and invoke your 5th Amendment right. Just so I'm clear and the record is clear, Mister Hepp, do you desire to continue testifying or at this point in time, has your testimony concluded?

THE DEFENDANT: No, I do not.

THE COURT: Okay. So, your testimony has concluded sir?

THE DEFENDANT: I would like a new counsel; I would like to appoint Michelle (Indiscernible) - -

THE COURT: Okay.

THE DEFENDANT: From Shelby County.

THE COURT: Okay. I have heard your motion for new counsel, I have

considered it, and for the reasons I have already indicated here on the record, that motion is denied.

THE DEFENDANT:   And I want to know why is that.

THE COURT:   For all the reasons I stated in extreme particularity.

THE DEFENDANT:   Okay.   Can you, can you further that?   Did I not request counsel ahead of time because I wrote (Indiscernible) five days ago.

THE COURT:   Sir, you have counsel . . . who is sitting beside you.

THE DEFENDANT: It is not, what's, what's the right term for it, appropriate counsel because I know the alleged, what's his name -

THE COURT:   Mister Hepp, Mister Hepp, I, I'm not going - -

THE DEFENDANT:   I'm, I'm –

THE BAILIFF:   Okay, you need to be quiet and let him talk,

THE COURT:   I'm not going to engage in a conversation on a motion I've already stated my reasons, with particularity, in reference to [Defense Counsel] and her representation of you.   She is competent and she has been appointed by the court to represent your interests.   If you do not want her as your attorney, that's another thing but that doesn't mean that she's not qualified to be that.   Do you understand that Mister Hepp?

THE DEFENDANT:   May I speak freely please?

THE COURT:   You can speak freely, however, keep in mind that every action has a reaction.

THE DEFENDANT:   Okay.

THE COURT: Go ahead, sir.

THE DEFENDANT: . . . I would like to appoint new counsel to the effect of, the case goes a little bit deeper than what is being brought up, that the alleged defend, or the defendant is, has an alias from my past, and that is why I am requesting different counsel because she is not educated enough on the background of gangs. That it goes deeper from where we reside today, rather than where I came from and how long I've been, the difference between me leaving Shelby County and being here today.

THE COURT: Mister Hepp, and I do understand what you have described to be concerns of yours, however, I note that this case, prior to today, was in warrant status. You are being held on a warrant from this case –

THE DEFENDANT: Mm-hmm.

THE COURT: You've had time to determine, to make these requests prior to and did not do those things. You have also had previous opportunity to talk to these, to your attorney about these concerns that you have, and it doesn't appear that those things happened. The matter has proceeded forward to trial and, we are in the middle of trial, and I am not going to reset or continue the case to have a new trial date. So, again, as I previously stated, the motion for new counsel is denied. The motion for a continuance of the trial is denied. The only question that remains, Mr. Hepp, is do you desire to continue testifying or has your testimony concluded?

THE DEFENDANT: Well, let me think about that because I (Indiscernible),

I addressed her yesterday letting her know that I was requesting new counsel yesterday.

THE COURT: . . . Mister Hepp, I am not aware of any of those things. I'm only aware of what we have in front of me today. If you desire to testify, to continue your testimony, you are free to do so. You have the right to testify in this matter and I will allow you to retake the stand. . . . Would you like to continue your testimony at this time, Mr. Hepp?

THE DEFENDANT: No.

**{¶ 7}** At that point, the defense rested. The court found Zimmerman to be credible in his recounting of the event. It also found that no pepper spray had been used on Hepp and that Hepp had failed to establish that he acted in self-defense. As such, it found Hepp guilty of assault.

**{¶ 8}** At disposition, Hepp again requested new counsel; the judge denied the request. The judge asked Hepp if he wanted the visiting judge who had presided over his trial to impose sentence or the sitting judge, and Hepp indicated he did not object to proceeding with disposition. He was sentenced to a jail term and five years of intensive supervised probation, and the court ordered a psychological assessment.

**{¶ 9}** Hepp appeals, raising one assignment of error.

**{¶ 10}** Hepp's assignment of error states:

THE TRIAL COURT ERRED WHEN THEY FAILED TO ADEQUATELY INQUIRE INTO THE REQUEST FOR APPOINTMENT OF NEW COUNSEL AND MAKE A DETERMINATION THAT THE APPELLANT'S RIGHT TO

COUNSEL WAS NOT VIOLATED.

{¶ 11} According to Hepp, the court did not inquire on the record into his reasons for requesting new counsel, "which leaves no room to decid[e] whether that inquiry was adequate or not." He asserts that the court failed to consider any factors other than the timing of the motion (after the trial had begun) and prejudice to the State. According to Hepp, the denial "of an inquiry into a motion for new Counsel is arbitrary in nature as the reasoning behind the finding could not be based on anything but personal whim rather than the factors established by law."

{¶ 12} Under the Sixth Amendment to the United States Constitution, an indigent defendant is entitled to professionally competent, effective representation. *State v. McNeill*, 83 Ohio St.3d 438 (1998). " 'An indigent defendant has no right to have a particular attorney of his own choosing represent him. He is entitled to competent representation by the attorney the court appoints for him.' " *State v. Coleman,* 2015-Ohio-5381, ¶ 10 (2d Dist.)*,* quoting *State v. Coleman*, 2004-Ohio-1305, ¶ 24 (2d Dist.). " 'Therefore, in order to demonstrate the good cause necessary to warrant removing court appointed counsel and substituting new counsel, defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize defendant's Sixth Amendment right to effective assistance of counsel.' " *Id.*

{¶ 13} "There must be a legitimate reason for the defendant's lack of confidence in the attorney because good cause for dismissal cannot be determined solely according to the subjective standard of what the defendant perceives." *State v. Evans,* 2003-Ohio-3475, ¶ 31, citing *State v. Julious*, 1996 WL 718262 (4th Dist. Dec. 5, 1996). "Three

recognized examples of good cause which would warrant the discharge of court-appointed counsel include: '(1) a conflict of interest; (2) a complete breakdown of communication; and (3) an irreconcilable conflict which could cause an apparent unjust result.' " *State v. Burrell*, 2014-Ohio-1356, ¶ 24 (11th Dist.), citing *State v. Lewis*, 2013-Ohio-3974, ¶ 47 (11th Dist.)

**{¶ 14}** "Disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel.  Moreover, mere hostility, tension, and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense."  *Coleman,* 2015-Ohio-5381, at ¶ 11, quoting *Coleman*, 2004-Ohio-1305, at ¶ 25.

**{¶ 15}** "[T]he duty to inquire into a defendant's complaint exists only when specific allegations are made."  *State v. Phipps*, 2022-Ohio-1188, ¶ 17, (2d Dist.)  "The Ohio Supreme Court itself has noted that a ' "limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further." ' "  *Id.,* quoting *State v. Johnson*, 2006-Ohio-6404, ¶ 68, quoting *State v. Carter*, 128 Ohio App.3d 419 (4th Dist. 1998).

**{¶ 16}** " 'The decision whether or not to remove court-appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion.' "  *Coleman*, 2015-Ohio-5381, ¶ 12, quoting *Coleman*, 2004-Ohio-1305, ¶ 26.  "The term, 'abuse of discretion,' implies an arbitrary, unreasonable, or unconscionable attitude on the part of

the court."  *Id.,* citing *State v. Adams*, 62 Ohio St.2d 151 (1980).

**{¶ 17}** An abuse of discretion is not demonstrated in this case.  Hepp failed to show a breakdown in the attorney-client relationship of such magnitude as to jeopardize his Sixth Amendment right to effective assistance of counsel.  While Hepp stated that defense counsel was "not educated enough on the background of gangs" to adequately represent him, it is unclear how such alleged lack of knowledge compromised Hepp's right to effective assistance and, in our view, the court was under no duty to further inquire into such a vague assertion.  Defense counsel filed a discovery demand and a notice of self-defense, and she cross-examined Sgt. Zimmerman on Hepp's behalf.  Hepp appeared to suggest he wanted an attorney from Shelby County to represent him, but he was not entitled to choose appointed counsel for himself.  There was no suggestion that defense counsel had a conflict of interest.  There was also no suggestion of a complete breakdown of communication between Hepp and defense counsel until after the State had rested, and that breakdown appeared to be one-sided when Hepp demanded substitute counsel.  Although Hepp apparently wanted a lawyer from Shelby County to represent him, we cannot conclude that the denial of that request caused an unjust result. Hepp was not denied his right to the effective assistance of counsel.

**{¶ 18}**  Hepp's assignment of error is overruled.

**{¶ 19}**  The judgment of the municipal court is affirmed.

. . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.