[Cite as *State v. Cunningham*, 2025-Ohio-2894.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-81 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-233 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| EDWARD CUNNINGHAM | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 15, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
MICHAEL L. TUCKER, JUDGE


EPLEY, P.J., and HANSEMAN, J., concur.

**OPINION**
CLARK C.A. No. 2024-CA-81


CHRIS BECK, Attorney for Appellant
CHRISTOPHER P. LANESE, Attorney for Appellee


TUCKER, J.

{¶ 1} Defendant-Appellant Edward Cunningham appeals from his conviction for domestic violence.   For the reasons set forth below, we affirm.


## I.     Factual and Procedural History

{¶ 2} In November 2023, Cunningham was indicted on one count of felony domestic violence.   Attorney James Marshall of the Clark County Public Defender's Office entered a notice of appearance in the case.   After learning that the victim had suffered significant physical injuries, the State dismissed the indictment and, on March 26, 2024, Cunningham was reindicted on one count of domestic violence and one count of felonious assault. Marshall remained as counsel for Cunningham.   A jury trial was eventually scheduled for August 7, 2024.

{¶ 3} On the morning of trial, Cunningham informed the court that he wanted new counsel.   The trial court denied the request.   A brief recess was taken during which Cunningham was permitted to confer with counsel.   When the proceedings resumed, Cunningham indicated he wished to enter a plea in accordance with the terms of a negotiated plea agreement.   Under the terms of the agreement, Cunningham agreed to enter a guilty plea to the charge of domestic violence.   In return, the State agreed to dismiss the charge of felonious assault.   The State also agreed to recommend a prison term of 24 months predicated upon Cunningham's appearance at the scheduled sentencing hearing.

After conducting a Crim.R. 11 hearing, the trial court accepted Cunningham's plea and found him guilty of domestic violence.

{¶ 4} Cunningham did not appear for his sentencing hearing on August 28, 2024. The trial court issued a capias, and Cunningham was arrested on November 4, 2024. The trial court sentenced Cunningham to a prison term of 36 months.

{¶ 5} Cunningham appeals.

## II. Appointment of New Counsel

{¶ 6} Cunningham's first assignment of error states as follows:

THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO APPOINT NEW TRIAL COUNSEL RESULTING IN A VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHTS UNDER THE UNITED STATE'S [SIC] CONSTITUTION.

{¶ 7} Cunningham claims there was a "complete breakdown in communication and irreconcilable conflict" in his attorney-client relationship. Based upon this assertion, he contends the trial court erred by not granting his request for new counsel.

{¶ 8} This court recently addressed requests for new appointed counsel in *State v. Hepp*, 2025-Ohio-1202 (2d Dist.), wherein we stated:

Under the Sixth Amendment to the United States Constitution, an indigent defendant is entitled to professionally competent, effective representation. *State v. McNeill*, 83 Ohio St.3d 438 (1998). " 'An indigent defendant has no right to have a particular attorney of his own choosing represent him. He is entitled to competent representation by the attorney the court appoints for him.' " *State v. Coleman*, 2015-Ohio-5381, ¶ 10 (2d Dist.),

quoting *State v. Coleman*, 2004-Ohio-1305, ¶ 24 (2d Dist.). " 'Therefore, in order to demonstrate the good cause necessary to warrant removing court appointed counsel and substituting new counsel, defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize defendant's Sixth Amendment right to effective assistance of counsel.' " *Id.*

"There must be a legitimate reason for the defendant's lack of confidence in the attorney because good cause for dismissal cannot be determined solely according to the subjective standard of what the defendant perceives." *State v. Evans*, 2003-Ohio-3475, ¶ 31, citing *State v. Julious*, 1996 WL 718262 (4th Dist. Dec. 5, 1996). "Three recognized examples of good cause which would warrant the discharge of court-appointed counsel include: '(1) a conflict of interest; (2) a complete breakdown of communication; and (3) an irreconcilable conflict which could cause an apparent unjust result.' " *State v. Burrell*, 2014-Ohio-1356, ¶ 24 (11th Dist.), citing *State v. Lewis*, 2013-Ohio-3974, ¶ 47 (11th Dist.)

"Disagreement between the attorney and client over trial tactics and strategy does not warrant a substitution of counsel. Moreover, mere hostility, tension, and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense." *Coleman*, 2015-Ohio-5381, at ¶ 11, quoting *Coleman*, 2004-Ohio-1305, at ¶ 25.

"[T]he duty to inquire into a defendant's complaint exists only when specific allegations are made." *State v. Phipps*, 2022-Ohio-1188, ¶ 17 (2d

Dist.). "The Ohio Supreme Court itself has noted that a ' "limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further." ' " *Id.*, quoting *State v. Johnson*, 2006-Ohio-6404, ¶ 68, quoting *State v. Carter*, 128 Ohio App.3d 419 (4th Dist. 1998).

" 'The decision whether or not to remove court-appointed counsel and allow substitution of new counsel is addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion.' " *Coleman*, 2015-Ohio-5381, [at] ¶ 12, quoting *Coleman,* 2004-Ohio-1305, [at] ¶ 26. "The term, 'abuse of discretion,' implies an arbitrary, unreasonable, or unconscionable attitude on the part of the court." *Id.*, citing *State v. Adams*, 62 Ohio St.2d 151 (1980).

*Hepp* at ¶ 12-16.

**{¶ 9}** In explaining his request for a new attorney, Cunningham stated that he was "not getting a straight or fair fight" and that counsel had been "talking to [him] aggressive" by telling him that he "was going to jail." Finally, Cunningham stated that he had not spoken to counsel since March or April.

**{¶ 10}** On this record, there is no evidence of a conflict of interest. Further, while Cunningham claimed he had not spoken to counsel since March or April, there was no evidence that counsel was not prepared for trial, that Cunningham had not been properly prepared for trial to commence that day, or that Cunningham had not been properly apprised of the proposed plea agreement. In short, nothing in the record supports finding a complete breakdown of communication between Cunningham and counsel.

{¶ 11} Instead, Cunningham claims there was an irreconcilable conflict between him and counsel that could have caused an unjust result. He supports this argument with the claim that counsel "aggressively" spoke to him about the anticipated results of going to trial. However, bluntly informing a client about the possible results of going to trial rather than accepting a plea deal does not constitute an irreconcilable conflict.

{¶ 12} Based on the record before us, Cunningham has failed to demonstrate that the trial court abused its discretion in denying his request for new counsel. Accordingly, the first assignment of error is overruled.

### III.    Plea

{¶ 13} The second assignment of error asserted by Cunningham provides as follows: APPELLANT'S PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY ENTERED AND THEREFORE THE CONVICTION SHOULD BE REVERSED.

{¶ 14} Cunningham contends the trial court erred by accepting his guilty plea.

{¶ 15} Due process requires that a defendant's guilty plea be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238 (1969). "If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void." *State v. Brown,* 2012-Ohio-199, ¶ 13 (2d Dist.), citing *Boykin* at 243. "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Vieney*, 2008-Ohio-5200, ¶ 8. "By following this rule, a court ensures that the plea is knowing, intelligent, and voluntary." *State v. Cole*, 2015-Ohio-3793, ¶ 12 (2d Dist.), citing *State v. Redavide*, 2015-Ohio-3056, ¶ 12 (2d Dist.).

{¶ 16} We have reviewed the transcript of the plea hearing. At the time of the plea, Cunningham was 48 years old, had obtained his GED, and was able to read and write. He

informed the trial court that he understood the plea form, the constitutional rights he was waiving, the effects of the plea, the nature of the offense, and the maximum penalty for that offense. He denied being under the influence of any drug, alcohol, or medication that interfered with his decision-making. He also denied having any physical or mental problem that interfered with his ability to make decisions. Cunningham stated that no threats or promises had induced his decision to plead guilty. Cunningham's statements to the court indicated his understanding of the judicial process, which was corroborated by the fact that he had three prior convictions for domestic violence as well as convictions for resisting arrest, carrying a concealed weapon, and violation of a protection order.

{¶ 17} There is nothing in the record to indicate that Cunningham was confused or under duress at the time of his plea or that he had been given improper advice by counsel. Moreover, the trial court engaged in a detailed plea colloquy that met the requirements of Crim.R. 11.

{¶ 18} We find no basis for Cunningham's claim that his plea was not made knowingly, intelligently, and voluntarily. Thus, the second assignment of error is overruled.

## IV. Maximum Sentence

{¶ 19} The third assignment of error is as follows:

APPELLANT ARGUES THAT THE COURT COMMITTED ERROR IN IMPOSING THE MAXIMUM SENTENCE.

{¶ 20} Cunningham claims the trial court erred by imposing the maximum sentence when the State had agreed to a 24-month sentence. Although not expressly stated, Cunningham apparently believes that the sentence was imposed as retaliation for his failure to appear for sentencing.

{¶ 21} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. R.C. 2953.08(G)(2)(a) and (b); *State v. Huffman*, 2017-Ohio-4097, ¶ 6 (2d Dist.).

{¶ 22} In this case, the trial court was not required to make any particular findings, so R.C. 2953.08(G)(2)(a) is inapplicable. Thus, we are limited to a review to determine whether the sentence was contrary to law. R.C. 2953.08(G)(2)(b). *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.). "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 23} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.), citing *State v. Mathis*, 2006-Ohio-855, ¶ 38. Although the trial court must consider R.C. 2929.11 and 2929.12, neither statute requires a trial court to make any specific factual findings on the record. *State v. Wilson*, 2011-Ohio-2669, ¶ 31. "It is enough that the record demonstrates that the trial court considered R.C. 2929.11 and

R.C. 2929.12 prior to imposing its sentence." *State v. Trent*, 2021-Ohio-3698, ¶ 15 (2d Dist.).

{¶ 24} Here, there is no dispute that the sentence imposed was within the statutory range permitted for a third-degree felony. Thus, we find no error in the length of the sentence imposed by the trial court.

{¶ 25} Additionally, the trial court stated that it had considered all required factors under the law, including R.C. 2929.11 and 2929.12, and the record otherwise reflects that the trial court did, in fact, consider both statutes. Of note, the court stated that it had considered the injuries sustained by the victim, Cunningham's history of criminal convictions, and his failure to respond favorably to previously imposed sanctions. Thus, the record demonstrates that the trial court considered the appropriate statutory factors.

{¶ 26} Cunningham's claim of retaliation appears to hinge on his argument that the only basis for imposing an additional year of incarceration was that he did not appear for the originally scheduled sentencing hearing. In support, he argues that "no new violation of law occurred" between the plea hearing and the sentencing hearing.

{¶ 27} This argument ignores the fact that Cunningham violated a term of his bond by failing to appear, as noted by the trial court. Further, the validity of the State's sentencing recommendation was explicitly contingent on his appearance for sentencing. Given that Cunningham failed to appear, the State's sentencing recommendation was not a factor the trial court had to consider when imposing sentence.

{¶ 28} Based upon the record before us, we find no merit in Cunningham's argument that the court erred in imposing the maximum sentence. Accordingly, the third assignment of error is overruled.

## V.    Conclusion

{¶ 29} All of Cunningham's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and HANSEMAN, J., concur.