[Cite as *State v. Hanson*, 2026-Ohio-53.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-17 |
| Appellee | : | |
| | : | Trial Court Case No. 2020 CR 162 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| RAYMOND SCOTT HANSON | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 9, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_Christopher B. Epley_

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

TUCKER, J., and LEWIS, J., concur.

CHRIS BECK, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Defendant-Appellant Raymond Scott Hanson appeals from the judgment of the Champaign County Court of Common Pleas after it sentenced him to 30 months in prison for violating the terms of his community control. For the reasons that follow, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 2} In October 2020, Hanson was indicted on aggravated burglary and assault charges stemming from a violent home invasion in Champaign County. In exchange for pleading guilty, Hanson's first-degree aggravated burglary charge was reduced to burglary, a third-degree felony. He also pled guilty to assault, a first-degree misdemeanor. The court placed Hanson on community control sanctions for a period of five years. As conditions of the sanctions, Hanson was prohibited from purchasing, possessing, or consuming alcohol, and he was not permitted to have contact with the Pleasantview Estates (where the burglary took place) or the victims. Additionally, Hanson was ordered to complete the West Central Community Based Correctional Facility's residential program.

{¶ 3} In early February 2021, a little more than a week after his supervision began, Hanson violated its terms by drinking alcohol and having contact with the Pleasantview Estates. He admitted the violations but was placed back on community control. In September 2023, the Champaign County adult parole authority, which supervised his community control, filed another violation notice, this time alleging that Hanson consumed alcohol, used

cocaine, and failed to complete treatment as ordered. He, again, admitted to the violations and was placed back on community control with additional sanctions. Finally, in April 2025, the adult parole authority filed another notice of supervision violations, this time asserting that Hanson got drunk at a bar in Franklin County. Hanson, as before, admitted to the violations, but instead of being placed back on community control with even more conditions, the trial court revoked the community control sanctions and sentenced him to 30 months in prison for the burglary count and 120 days in jail for the misdemeanor assault. The sentences were ordered to run concurrently.

{¶ 4} Hanson has filed a timely appeal.

## II.     Sentencing

{¶ 5} In his lone assignment of error, Hanson argues that the trial court erred in sentencing him to 30 months in prison. Specifically, he claims that the court did not comply with the principles and purposes of sentencing by imposing prison time. We disagree.

{¶ 6} A trial court has full discretion to impose any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing such a sentence up to the maximum term. *State v. Kelly*, 2021-Ohio-325, ¶ 85 (2d Dist.), quoting *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.). "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.).

{¶ 7} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "clearly and

3

convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 8} According to the Ohio Supreme Court, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 9} In this case, there is no question that Hanson's 30-month sentence was within the statutory range for third-degree felonies or that 120 days in jail is an available sentence for first-degree misdemeanors. To be successful on appeal, therefore, Hanson must show that the trial court failed to consider R.C. 2929.11 and 2929.12. The trial court, both on the record at the disposition and in the judgment entry, stated that it had considered and applied the purposes and principles of sentencing set forth in R.C. 2929.11 and seriousness and recidivism factors from R.C. 2929.12. The court not only mentioned that it had considered both required statutes, but going further, it made detailed findings which are not required under the law. Judgment Entry, p. 3-6. *See also State v. Cunningham*, 2025-Ohio-2894, ¶ 22-23 (2d Dist.).

{¶ 10} Based on the record before us, Hanson's 30-month sentence was not contrary to law. The sentence was within the parameters for third-degree felonies, and the trial court considered the principles and purposes of felony sentencing and the seriousness and recidivism factors. To the extent that Hanson argues his sentence was unsupported by the record, that argument is foreclosed by *Jones,* 2020-Ohio-6729. Even if it were not, we would

4

find there was evidence in the record to support the sentence. The assignment of error is overruled.

### III. Conclusion

**{¶ 11}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and LEWIS, J., concur.